[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 203.]

THE STATE EX REL. SCHNEIDER *v.* KREINER.

[Cite as *State ex rel. Schneider v. Kreiner*, 1998-Ohio-271.]

*Public records—Exemptions—R.C. 2317.023(B)—Disclosure of mediation communication—Mandamus to compel Hamilton County Municipal Court Private Complaint Mediation Service Director to provide relator access to "Preliminary Complaint Form" used by mediator during mediation between relator and his ex-wife—Writ denied, when.*

(No. 97-1331—Submitted May 26, 1998—Decided September 23, 1998.)

IN MANDAMUS

———————————

{¶ 1} In 1988, relator, Tom Schneider ("Schneider"), married Theresa Schneider. They had two children. In 1994, the Schneiders divorced and entered into a shared parenting agreement. Subsequently, criminal charges were filed against Schneider for violating the agreement. The criminal case was referred to the Private Complaint Mediation Service ("Mediation Service"). The Mediation Service, established by the Hamilton County Municipal Court, mediates disputes between parties in certain municipal court cases.

{¶ 2} During a mediation of this type, the mediator listens to the positions of both parties and then asks each party to agree on the issues and to recommend possible solutions. If an agreement is reached, the mediation concludes, but the parties do not sign a written agreement. However, the mediator may suggest that each party take notes regarding the requirements of the agreement. At the conclusion of the mediation, a "Statement of Voluntary Settlement" is signed by the parties and filed with the court. In addition, the mediator completes a "Preliminary Complaint Form." On the form, the mediator describes the allegations made by the plaintiff, denotes the relationship between the parties, and compiles

information relating to the parties and the status of the dispute. The mediator also describes the disposition of the dispute under a section entitled "Hearing Disposition." Under another section, the mediator states what future action may be taken if the agreement is broken and, under a "Comments" section, may make personal observations about the mediation and the dispute. This form is not shown to the parties and, unlike the Statement of Voluntary Settlement, is not signed by them.

{¶ 3} In December 1996, the Mediation Service mediated the case. Schneider and his former spouse agreed to perform and refrain from performing certain acts in exchange for the dismissal of the criminal charges against Schneider. The parties signed the Statement of Voluntary Settlement form indicating their agreement.

{¶ 4} Subsequently, Schneider requested access to the entire mediation file from respondent, Cathleen Kreiner, director of the Mediation Service. Included in the file was a copy of the complaint form prepared by the mediator. Kreiner denied access to the file. Kreiner later offered to provide Schneider a copy of the Statement of Voluntary Settlement and a disposition report of the mediation service, both of which were filed in the office of the clerk of courts.

{¶ 5} Schneider then filed a complaint requesting a writ of mandamus to compel Kreiner to provide him access to the complaint form. Schneider also requested attorney fees. This court granted an alternative writ and issued a schedule for the presentation of evidence and briefs.

{¶ 6} This cause is now before the court for a consideration of Schneider's request for oral argument as well as the merits.

———————————

*Kimpel, Hyland, Weinkam & Goodson*, *William M. Gustavson* and *Nicole A. Tipton*, for relator.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Christian J. Schaefer*, Assistant Prosecuting Attorney, for respondent.

_____

**MOYER, C.J.**

{¶ 7} For the reasons that follow, we deny relator's request for oral argument and his request for a writ of mandamus.

I

{¶ 8} Relator requests oral argument "[i]n the event that the Court finds the decisional process would be aided by oral argument * * *."

{¶ 9} We deny this request because oral argument would not be beneficial to resolution of this appeal. None of the issues raised is so complex that oral argument would assist the court in resolution of this cause. Further, relator has neither established nor argued any factors warranting oral argument here. *State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.* (1998), 81 Ohio St.3d 283, 286, 690 N.E.2d 1273, 1276.

II

{¶ 10} Relator contends that he is entitled to a writ of mandamus under R.C. 149.43. We have construed R.C. 149.43 " 'to ensure that governmental records be open and made available to the public * * * subject to only a few very limited and narrow exceptions.' " *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.* (1997), 80 Ohio St.3d 513, 518, 687 N.E.2d 661, 668, quoting *State ex rel. Williams v. Cleveland* (1992), 64 Ohio St.3d 544, 549, 597 N.E.2d 147, 151.

{¶ 11} Among those exceptions in effect at the time of relator's request was former R.C. 149.43(A)(1)(k), 146 Ohio Laws, Part III, 4661, which provided that public records do not include "[r]ecords the release of which is prohibited by state

or federal law."[1]  Respondent asserts that R.C. 2317.023 exempts the requested complaint form from disclosure as a confidential mediation communication.  We agree with the respondent.

{¶ 12} R.C. 2317.023 provides:

"(A) As used in this section:

"(1) 'Mediation' means a nonbinding process for the resolution of a dispute in which both of the following apply:

"(a) A person who is not a party to the dispute serves as mediator to assist the parties to the dispute in negotiating contested issues.

"(b) A court, administrative agency, not-for-profit community mediation provider, or other public body appoints the mediator or refers the dispute to the mediator, or the parties, engage the mediator.

"(2) 'Mediation communication' means a communication made in the course of and relating to the subject matter of a mediation.

"(B) *A mediation communication is confidential.  Except as provided in division (C) of this section, no person shall disclose a mediation communication in a civil proceeding or in an administrative proceeding.*"  (Emphasis added.)

{¶ 13} Pursuant to the statute, the initial question is whether the complaint form sought by Schneider is a "mediation communication" as defined by the statute.  R.C. 2317.023(A)(2) defines a mediation communication as "a communication made in the course of and relating to the subject matter of the mediation."  The document sought here is a complaint form completed by the mediator.  The mediator, in completing the form, describes information relating to the parties and the nature of the dispute.  Significantly, the mediator also describes the disposition

---

1. This provision is now R.C. 149.43(A)(1)(p).  R.C. 149.43 now provides a specific exemption for "[r]ecords containing information that is confidential under section 2317.023 or 4112.05 of the Revised Code."  R.C. 149.43(A)(1)(i).

of the dispute under a section entitled "Hearing Disposition," and may make personal observations about the dispute under a separate section.

{¶ 14} Under the statutory definition, it is clear that this form is a mediation communication. It is made in the course of the mediation by the mediator. The mediator compiles information on the form and then describes the outcome. The form is also related to the subject matter of the mediation. The form contains information about the dispute between the parties. It also reflects the thoughts and impressions of the mediator as to the outcome of the mediation, whether and what action shall be taken in the event of breach of the agreement, and the mediator's own observations about the mediation.

{¶ 15} R.C. 2317.023(B) states that "[a] mediation communication is confidential." The words of this statute are clear. Mediation communications are confidential and may not be disclosed. "[A]n unambiguous statute means what it says." *Hakim v. Kosydar* (1977), 49 Ohio St.2d 161, 164, 3 O.O.3d 211, 213, 359 N.E.2d 1371, 1373. We give words in statutes their plain and ordinary meaning unless otherwise defined. *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 152, 480 N.E.2d 412, 414. Accordingly, having determined that the document sought by relator is a mediation communication, we are compelled by the words of the statute to conclude that the form is confidential and may not be disclosed, unless one of the exceptions enumerated in R.C. 2317.023(C) applies to the relator's cause.

{¶ 16} Relator contends that the confidentiality requirement of R.C. 2317.023(B) does not apply because R.C. 2317.023(C)(1) and (4) preclude the application of R.C. 2317.023(B). We disagree.

{¶ 17} R.C. 2317.023(C) provides:

"Division (B) of this section does not apply in the following circumstances:

"(1) * * * [T]o the disclosure by any person of a mediation communication made by a mediator if all parties to the mediation and the mediator consent to the disclosure;

" * * *

"(4) To the disclosure of a mediation communication if a court, after a hearing, determines that the disclosure does not circumvent Evidence Rule 408, that the disclosure is necessary in the particular case to prevent a manifest injustice, and that the necessity for disclosure is of sufficient magnitude to outweigh the importance of protecting the general requirement of confidentiality in mediation proceedings."

{¶ 18} R.C. 2317.023(C)(1) does not prevent the application of R.C. 2317.023(B) to this cause. There is no evidence that either relator's former spouse or the mediator has consented to disclosure of the complaint form.

{¶ 19} Similarly, R.C. 2317.023(C)(4) does not apply to allow disclosure of the complaint form compiled by the mediator. The plain language of R.C. 2317.023(C)(4) requires a hearing to determine whether this exception to confidentiality is applicable. The presence of a hearing requirement presupposes that the parties will argue the applicability of the exception at a hearing conducted solely for that purpose. There has been no such hearing or request for such a hearing in this cause.

{¶ 20} Even applying the substantive provisions of this provision, the relator's arguments lack merit. Disclosure of the complaint form compiled by the mediator is not necessary to prevent a manifest injustice, nor is the necessity for disclosure of sufficient magnitude to outweigh the importance of protecting the general requirement of confidentiality. Relator's sole assertion for requesting the document is that he may face potential criminal charges if he does not comply with the agreement reached in mediation. However, the mere possibility that the relator may be involved in future litigation cannot possibly establish the presence of a

manifest injustice, as required by the statutory exception. Such a conclusion does not comport with the common meaning of "manifest injustice," which is defined as a clear or openly unjust act. See Webster's Third New International Dictionary (1986) 1164, 1375. The plain meaning of the words of the statute requires more than a possibility of future litigation.

{¶ 21} Likewise, the possibility of future litigation does not create a necessity for disclosure of a magnitude sufficient to outweigh the general requirement of confidentiality. Every agreement in mediation may be breached. Such a breach could result in future litigation. However, this possibility cannot outweigh the plain words of R.C. 2317.023(B), which establish a requirement of confidentiality. By those words, the General Assembly has determined that confidentiality is a means to encourage the use of mediation and frankness within mediation sessions. Were we to agree with the relator's argument, we would severely undermine that determination by the General Assembly, as reflected in the clear words of the statute. Accordingly, R.C. 2317.023(C)(4) does not apply to relator's request.

{¶ 22} Finally, relator asserts that R.C. 2317.023(B) does not apply to this cause because the statute was not effective at the time that the record was created, *i.e.*, when the mediation session occurred. R.C. 2317.023 became effective on January 27, 1997, which was after the record was created but before relator requested the form and filed this mandamus action. 146 Ohio Laws, Part II, 4033.

{¶ 23} This contention also is meritless. R.C. 2317.023 was effective at the time of the request for the form. The date the form was created is not relevant for the purposes of R.C. 149.43. "Since the statute merely deals with record disclosure, not record keeping, only a prospective duty is imposed upon those maintaining public records." *State ex rel. Beacon Journal Publishing Co. v. Univ. of Akron* (1980), 64 Ohio St.2d 392, 396, 18 O.O.3d 534, 537, 415 N.E.2d 310, 313.

{¶ **24**} Accordingly, there is no authority to overcome the confidentiality requirement of R.C. 2317.023(B). The complaint form sought by the relator is a mediation communication which is not subject to disclosure under R.C. 149.43 because R.C. 2317.023(B) clearly provides for its confidentiality. Therefore, we deny the relator's request for a writ of mandamus, and his request for attorney fees is also denied.

*Writ denied.*

RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

_____