DECISION AND JUDGMENT ENTRY
{¶ 1} Wesley Connor Vincent appeals the trial court's judgment denying his Crim.R. 32.1 post-sentence motion to withdraw his guilty pleas. He contends that the trial court should have conducted an evidentiary hearing regarding his motion and that the trial court abused its discretion by denying his motion. Because appellant has raised the same issues before, res judicata bars appellant's motion. Thus, the trial court did not err by failing to hold an evidentiary hearing or by overruling appellant's motion. Therefore, we affirm the trial court's judgment.
 {¶ 2} In January of 1991, appellant pled guilty to aggravated murder with a firearm specification, attempted aggravated burglary, failure to comply with the order or signal of a police officer, and two counts of felonious assault with a firearm specification. In May of 1992, appellant filed a "motion to vacate plea." Appellant contended that he did not understand the nature and extent of his plea and that he did not enter the plea voluntarily. The trial court denied appellant's motion, appellant appealed, and we affirmed the trial court's judgment. See State v. Vincent (Jan. 28, 1993), Ross App. No. 92CA1894.
 {¶ 3} In August of 2001, appellant filed a pro se motion for leave to file a delayed motion for new trial and a motion for a new trial. He claimed that he discovered new evidence and attached to his motion two affidavits that he asserted contained exculpatory evidence. Appellant then obtained counsel and counsel filed a motion to withdraw the guilty pleas. Appellant raised the same arguments in his motion to withdraw that he raised in his motion for a new trial. The trial court subsequently overruled appellant's motion to withdraw his guilty pleas. Appellant then appealed, but he did not argue that the trial court erroneously denied his motion to withdraw his guilty pleas. Instead, appellant claimed that the trial court erred by denying his motion for a new trial. We affirmed the trial court's judgment. See State v. Vincent, Ross App. No. 02CA2654,2003-Ohio-473.
 {¶ 4} In May of 2002, appellant filed a pro se motion to withdraw his guilty pleas. Appellant claimed that his sentence was contrary to the plea agreement he had reached with the state. The trial court denied the motion and appellant appealed. On appeal, we affirmed the trial court's judgment.[1] See State v. Vincent, Ross App. No. 02CA2672,2003-Ohio-2591.
 {¶ 5} In February of 2003, appellant filed another Crim.R. 32.1 motion to withdraw his guilty pleas. Appellant contended that he should be entitled to withdraw his pleas because he had obtained new evidence showing that certain elements of the offenses to which he pled guilty are lacking. He asserted that his plea was not voluntary because he did not possess an understanding of the law in relation to the facts. To support his claim, he attached the same two affidavits that he had attached to his earlier motion for a new trial and that he used to support his previously filed motion to withdraw his guilty pleas.
 {¶ 6} The state asserted that appellant's latest motion failed to raise any new issues and that the doctrine of res judicata barred appellant's motion.
 {¶ 7} On April 1, 2003, the trial court denied appellant's motion. Appellant timely appealed the trial court's judgment and raises the following assignment of error: "The trial court erred and abused its discretion in denying defendant-appellant's motion to withdraw guilty plea to correct a manifest injustice. Defendant-appellant, pro se, was not given a complete and impartial hearing on the motion. The record does not reveal that the trial court gave full and fair consideration to the plea withdraw request. Nothing was presented to the trial court that conclusively and irrefutable contradicted defendant-appellant's allegations."
 {¶ 8} In his sole assignment of error, appellant argues that the trial court erroneously denied his motion to withdraw his guilty pleas. Appellant contends that the trial court should have conducted an evidentiary hearing regarding his motion. Appellant further asserts that the trial court abused its discretion by overruling his motion.
 {¶ 9} Crim.R. 32.1 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, under Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. See, e.g., State v. Smith
(1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. The Ohio Supreme Court has defined manifest injustice as a clear or openly unjust act. See State exrel. Schneider v. Kreiner (1998), 83 Ohio St.3d 203, 208, 699 N.E.2d 83. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases. See Smith, 49 Ohio St.2d at 264. Therefore, a trial court will not grant a post-sentence motion to withdraw a guilty plea unless the defendant establishes that a manifest injustice will result if the plea stands. State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715; Smith, paragraph one of the syllabus. The decision to grant or deny a post-sentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court. Smith, paragraph two of the syllabus. Consequently, an appellate court will not reverse the trial court's decision absent an abuse of discretion. Xie, supra;State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863. An abuse of discretion is more than an error of judgment. Rather, it implies that the court's attitude is unreasonable, unconscionable, or arbitrary. See, e.g., State v. Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331.
 {¶ 10} A trial court is not always required to conduct an evidentiary hearing when presented with a post-sentence motion to withdraw a guilty plea. See State v. Nathan (1995), 99 Ohio App.3d 722,651 N.E.2d 1044; State v. Woods, Cuyahoga App. No. 82120,2003-Ohio-2475; State v. Jacobson, Adams App. No. 01CA730,2003-Ohio-1201; State v. Moore, Pike App. No. 01CA674, 2002-Ohio-5748. Instead, a trial court need only conduct an evidentiary hearing when the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand. See Nathan; Jacobson. Moreover, an evidentiary hearing is not required if the record conclusively and irrefutably contradicts the defendant's allegations. See, e.g.,Jacobson.
 {¶ 11} The doctrine of res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea that were raised or could have been raised in prior proceedings. See State v.Reynolds, Putnam App. No. 12-01-11, 2002-Ohio-2823 (finding that the doctrine of res judicata applies to successive motions filed under Crim.R. 32.1); State v. Unger (May 23, 2001), Adams App. No. 00CA705 (concluding that the defendant's Crim.R. 32.1 motion was barred by res judicata because she had previously filed a motion to withdraw her guilty plea that she did not appeal prior to filing the second motion to withdraw guilty plea); State v. Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182 (res judicata applies to successive motions to withdraw a guilty plea filed pursuant to Crim.R. 32.1). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 12} In this case, because the doctrine of res judicata prohibits appellant from raising claims that he already raised or could have raised, the trial court was not required to hold an evidentiary hearing. Appellant's Crim.R. 32.1 motion raises the same issues he raised in his previous motion for a new trial. Additionally, appellant previously filed a Crim.R. 32.1 motion that raised the same issues raised in the present motion. The trial court denied that motion and appellant did not file a direct appeal from the trial court's decision denying that motion. Therefore, the trial court did not err by failing to hold an evidentiary hearing and did not err by overruling appellant's motion. Accordingly, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] All of the foregoing facts are taken from our three prior opinions.