DECISION AND JUDGMENT ENTRY
This is an appeal from an Adams County Common Pleas Court judgment that overruled a motion by Bobby J. Young, defendant below and appellant herein, to withdraw his guilty plea to the charge of robbery, in violation of R.C. 2911.02(A)(1), with a one year firearm specification.
The following errors are assigned for our review:[1]
FIRST ASSIGNMENT OF ERROR:
"The State of Ohio failed to introduce sufficient evidence to prove the elements of a deadly weapon: where the appellant was charged with having a deadly weapon on his person or under his control, the state must prove that the appellant used, brandished, displayed, or indicated that he had possession of it R.C. (2911.02(A)(1). violated due process under thefourteenth amendment."
SECOND ASSIGNMENT OF ERROR:
"Appellant young was denied his Sixth and Fourteenth Amendment right to the United States Constitution, under Article One Section Ten, of the Ohio's [sic] Constitution, when trial and appellate counsel being the same person, failed to raise issues of appellant not having any prior prison term, did not raise argument for the gun spec[.], did not object to the illegal plea agreement. Violating his due process rights to a fair plea deal. The state had new prosecuting attorney at the sentencing hearing, where the plea agreement was changed by new prosecutor."
THIRD ASSIGNMENT OF ERROR:
"Counsel was ineffective because counsel failed to raise, and argue the appellant's whereabouts or legal innocence and, failed to argue the firearm specification, where young's conviction presented no evidence to conclude that young had an intent to commit an [sic] robbery offense as well as exerted control over a person, when in fact he wasn't there. Counsel in violation of the Sixth and Fourteenth Amendment[s] to the United St[a]tes Constitution, Article One, Section Ten of the Ohio Constitution."
FOURTH ASSIGNMENT OF ERROR:
"Appellant is being detained unlawfully and restrained of his life, liberty in violation of both the Ohio and United States Constitution[s] Articles One and Four, Section Ten, in an illegal conviction that was contrary to law by the sentencing judge. In an unjustified conviction."
FIFTH ASSIGNMENT OF ERROR:
"The trial court [erred] as a matter of law and to the prejudice of appellant by failing to follow the statutes regarding sentence, violating the Fourteenth Amendment due process and violating the ohio revised code § 2929.14, which requires court[s] to imposed [sic] a minimum sentence for first time imprisonment, and to give his reasons for sentencing the appellant to more than the minimum."
In 2002, the Adams County Grand Jury indicted appellant with aggravated robbery in violation of R.C. 2911.01(A)(1), with a three year firearm specification. Appellant initially pled not guilty. Later, appellant reached an agreement to plead guilty to a reduced charge of robbery, in violation of R.C. 2911.02(A)(1), with a one year firearm specification.
As part of the plea agreement, appellant acknowledged that he and Jeremy Baldwin attempted to rob an Adams County residence and that they each had a firearm. The court accepted appellant's plea and sentenced him to five years on the robbery offense and the mandatory one year on the firearm specification. We affirmed appellant's conviction in State v. Young, Adams App. No. 02CA755, 2003-Ohio-3395 (Young I). The Ohio Supreme Court declined to further review appellant's appeal. See State v.Young, 100 Ohio St.3d 1424, 2003-Ohio-5232, 797 N.E.2d 92
(Young II).
Since then, appellant has been involved in several actions before this court. He filed an application to reopen his appeal (which we denied) in State v. Young (Aug. 4, 2003), Adams App. No. 02CA755 (Young III) and appealed an order from the trial court that denied a request to reduce his bond which we ultimately dismissed as moot. See State v. Young, Adams App. No. 03CA773, 2004-Ohio-372 (Young IV). Appellant began the case sub judice on September 23, 2003 by filing a motion with the trial court to withdraw his guilty plea. The court overruled his request and this appeal followed.
 I
Before we address appellant's assignments of error, we point out two procedural problems that render this case fatally flawed. First, this case comes to us on appeal from a decision that overruled a motion to withdraw guilty plea. The issue before us is whether the trial court erred in that ruling. None of appellant's assignments of error, however, address that ruling per se. Instead, appellant attempts to address substantive, procedural or Constitutional issues from Young I and YoungIII. The issues from those cases, however, are no longer before us for adjudication. Rather, we must confine ourselves to the narrow question of whether the trial court erred in denying appellant's motion to withdraw his guilty plea. Although YoungI is tangentially related to that question, it is not the primary focus of our analysis.
The second problem is that appellant is barred from raising these issues by the doctrine of res judicata. This doctrine bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in prior proceedings. See State v. Vincent, Ross App. No. 03CA2713, 2003-Ohio-3998, at ¶ 11; State v. Pasturzak (Dec. 17, 1998), Scioto App. No. 98CA2587. The issues raised by appellant in his five assignments of error either were, or should have been, raised in Young I and Young III. Thus, res judicata bars appellant from raising these issues in the instant case.
 II
Assuming arguendo that the issues raised in the assignments of error were properly before us, we would find no merit in any of them. Appellant argues in his first assignment of error that the prosecution did not introduce sufficient evidence that he had a deadly weapon in his possession. We need only point out that appellant pled guilty to the offense, which constitutes a complete admission that he had such a weapon. The prosecution is not required to adduce any proof on that issue. See Crim.R. 11(B)(1).
Appellant argues in his second assignment of error that a new prosecutor essentially reneged on their plea agreement at sentencing. He does not elaborate, however, on the content of the original agreement or how the prosecution allegedly violated that agreement. Without such information, and supporting proof, we cannot evaluate this claim.
Appellant's third and fourth assignments of error posit that he is innocent, that he is being imprisoned unlawfully and that his counsel was ineffective for failing to raise the issue of his innocence. Here again, by pleading guilty appellant has admitted his own involvement in the crime. Crim.R. 11(B)(1). Appellant is not being held unlawfully and there was no reason for counsel to argue his innocence.
Appellant argues in his fifth assignment of error the trial court erred when pronouncing sentence because it failed to comply with the proper statutory procedure. We reviewed this issue inYoung I and found that the proper statutory procedures were followed. Even if that issue could be re-opened here, we would adhere to our original decision. Appellant has not convinced us that our decision was in error.
Finally, even if appellant had properly raised the issue of whether the trial court erred in overruling his motion to withdraw his plea, we would still find no merit to this appeal. Crim.R. 32.1 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, under that rule, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph one of the syllabus. The Supreme Court has defined manifest injustice as a clear or openly unjust act. See State exrel. Schneider v. Kreiner (1998), 83 Ohio St.3d 203, 208,699 N.E.2d 83. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases. Smith, supra at 264. Therefore, a trial court will not grant a post-sentence motion to withdraw a guilty plea unless the defendant establishes that a manifest injustice will result if the plea stands. State v. Xie
(1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715; Smith, supra at paragraph one of the syllabus.
Moreover, the decision which to grant or to deny a post-sentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court. Smith, supra at paragraph two of the syllabus. We will not reverse a trial court's decision absent a showing of an abuse of that discretion.Vincent, supra at ¶ 9; State v. Doak, Columbiana App. Nos. 03CO15 03CO31, 2004-Ohio-1548, ¶ 20. We note that an abuse of discretion is more than an error of judgment or law; it implies that the trial court's attitude was unreasonable, unconscionable, or arbitrary. State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331; State v. Moreland (1990), 50 Ohio St.3d 58, 61,552 N.E.2d 894; State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144. In the case sub judice, appellant has neither persuaded us that the trial court abused its discretion or that a manifest injustice will occur if he is not allowed to withdraw his guilty plea.
For all these reasons, we find no merit in any of the appellant's assignments of error. According, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.
Judgment Affirmed.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion
[1] Appellant's brief does not set forth any assignments of error as required by App.R. 16. Nevertheless, in the interests of justice we will treat the various "arguments" he sets forth in his brief as assignments of error.