JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Stanley Lofton, appeals the judgment of the trial court denying his motion to withdraw his guilty plea and petition to vacate or set aside judgment of conviction or sentence. We affirm.
 {¶ 2} Lofton was indicted in May 2006 on one count of domestic violence and one count of disrupting public service, both fourth degree felonies. Pursuant to negotiations with the State, Lofton pled guilty to domestic violence and the remaining count was nolled. In July 2006, the trial court sentenced Lofton to 30 months of community control sanctions, with conditions, including submission to regular drug testing.[1]
 {¶ 3} In November 2006, the trial court found Lofton to be in violation of his community control sanctions. The court ordered the continuation of community control sanctions with the prior conditions. In March 2007, the court again found Lofton to be in violation of his community control sanctions by *Page 4 
testing positive for drugs and failing to appear for the probation violation hearing. The court terminated appellant's community control sanctions, and sentenced him to a one-year prison term.
 {¶ 4} Lofton filed a motion to withdraw his plea and petition to vacate or set aside judgment of conviction or sentence; both were denied.
 {¶ 5} In his first assignment of error, Lofton contends that the trial court erred in revoking the period of his probation and imposing a term of incarceration. In particular, Lofton argues that there was a lack of "evidence of a substantial nature that would justify the revocation."
 {¶ 6} In this assignment of error, appellant relies on State v.Jones (May 9, 1991), Cuyahoga App. No. 58423, for the proposition that his due process rights were violated by the scarcity of the probation officer's testimony regarding his positive urinalysis test.
 {¶ 7} In Jones, this court found that the defendant's due process rights were violated during a probation revocation hearing because the record was silent as to the identification of the person who testified about the defendant's positive urine samples. Id. at 12. In particular, the record did not identify if the individual was the defendant's probation officer, or even a probation officer at all. Id.
 {¶ 8} The record before us, however, unlike in Jones, clearly indicates that the person who testified as to Lofton's violation was his probation officer, Kenya *Page 5 
Gray. Further, the positive urinalysis test was not the sole reason for the trial court's finding that Lofton was in violation of his community control sanctions; the trial court also based its decision on Lofton's failure to appear for the probation violation hearing. The record supports the trial court's decision to revoke Lofton's community control.
 {¶ 9} We first note that Lofton did not lodge an objection to the probation officer's testimony in the proceeding below, and, therefore, has waived any error regarding the trial court's determination on this issue. See State v. Rose (Mar. 20, 1997), Cuyahoga App. No. 70984, at 8-9, citing State v. Williams (1977), 51 Ohio St. 2d 112,364 N.E.2d 1364. Lofton's argument fails, even if he had properly objected to the probation officer's testimony at the hearing.
 {¶ 10} A probation revocation hearing is not a criminal trial but is "`an informal hearing structured to assure that the finding of a * * * [probation] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the * * * [probationer's] behavior.'" State v. Hylton (1991),75 Ohio App.3d 778, 781, 600 N.E.2d 821, quoting Morrissey v. Brewer (1972),408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593. Furthermore, the rules of evidence do not apply to probation revocation proceedings. Hylton, citing Evid. R. 101(C)(3); see, also, Rose, at 9.
 {¶ 11} The due process rights which must be observed in a probation revocation hearing are: *Page 6 
 {¶ 12} "* * * (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a `neutral and detached' hearing body * * *; and (f) a written statement by the factfinders as to the evidence relied upon and reasons for revoking [probation or] parole. * * *" Gagnon v. Scarpelli (1973), 411 U.S. 778, 786, 36 L.Ed.2d 656,93 S.Ct. 1756; Rose at 9-10.
 {¶ 13} All of these due process requirements were met in this case, and the trial court had "accurate knowledge" of Lofton's behavior. That knowledge included the following: Lofton's statement upon his arrest,[2] his prior November 2006 violation in this case, his two prior violations in Case No. CR-457032, and his five prior felony convictions.
 {¶ 14} In light of the above, the trial court based its decision to revoke Lofton's community control sanctions on "verified facts," and within the "exercise of discretion." Accordingly, the first assignment of error is overruled.
 {¶ 15} In his second assignment of error, Lofton contends that the trial court erred when it sentenced him to community control sanctions without *Page 7 
ordering and considering a new presentence investigation report explaining his present condition under R.C. 2951.03.
 {¶ 16} A presentence investigation report must be completed and considered by the court prior to imposing community control sanctions upon a felony offender. R.C. 2951.03(A)(1). The record in this case reveals that, in accordance with R.C. 2951.03(A)(1), the trial court had and considered a previously-issued presentence investigation report when it initially sentenced Lofton to community control sanctions in July 2006. In sentencing Lofton to prison upon his second violation in this case, there was no requirement or need that the trial court order a new report, as Lofton contends.
 {¶ 17} The second assignment of error is overruled.
 {¶ 18} For his third assigned error, Lofton contends that the trial court erred and prejudiced him when it revoked his community control sanctions and incarcerated him contrary to R.C. 2929.13(E)(2).
 {¶ 19} R.C. 2929.13(E)(2) provides that the trial court must make a finding under subsection (a) or (b) of the statute before revoking community control sanctions and imposing a prison term "[i]f an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offensesolely by reason of producing positive results on a drug test[.]" (Emphasis added.) *Page 8 
 {¶ 20} Lofton's community control sanctions were revoked on two grounds: his testing positive for drugs and his failure to appear. Thus, as the revocation of Lofton's community control sanctions was not based solely on his testing positive for drugs, R.C. 2929.13(E)(2) was not implicated.
 {¶ 21} The third assignment of error is overruled.
 {¶ 22} Finally, Lofton argues that the trial court erred to his prejudice when it denied his motion to withdraw his post-sentence plea.
 {¶ 23} "Pursuant to Crim. R. 32.1, the trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only `to correct a manifest injustice.'" State v. Bell, Cuyahoga App. No. 87727, 2007-Ohio-3276, ¶ 10, quoting State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324. The individual seeking vacation of the plea bears the burden of establishing the existence of a "manifest injustice." Smith, paragraph one of syllabus.
 {¶ 24} "Manifest injustice" is an extremely high standard which permits the court to allow plea withdrawal only in "extraordinary cases." Id. at 264. A manifest injustice is defined as a "clear or openly unjust act." State ex rel. Schneider v. Kreiner,83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83.
 {¶ 25} A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a *Page 9 
determination of whether the trial court abused its discretion.State v. Blatnik (1984), 17 Ohio App.3d 201, 202, 478 N.E.2d 1016. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed.State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
 {¶ 26} Lofton argues that his plea was involuntary due to medical issues and racially-charged pressures. Upon review, however, we do not find that this was an extraordinary case. Rather, the record demonstrates that Lofton, after lengthy plea negotiations with the State, voluntarily entered his plea after being fully advised of his rights and the consequences of pleading.
 {¶ 27} Accordingly, the fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, PRESIDING JUDGE
PATRICIA A. BLACKMON, J., and ANN DYKE, J., CONCUR.
[1] Lofton had also been indicted in December 2004 in Case No. CR-457032, and was sentenced to five years of community control. Lofton violated the terms of his community control in that case and was sentenced to a one-year prison term. Lofton was granted judicial release on that case in January 2006. He subsequently violated the terms of his community control again, and a capias was issued. Lofton was arrested in May 2006 in connection with this case. He was found guilty of violating his community control sanctions in Case No. CR-457032, and sentenced to a one-year prison term.
[2] The court confirmed with the Sheriff's Department that, upon his arrest, Lofton stated, "I might go into a rage and go into a killing spree. They want to put me in jail, they want to keep me there for a long time. I might not go to PV [parole violation] hearing, I may wait for them here to put on a show for them." *Page 1