[Cite as *State v. Riggans*, 2010-Ohio-4552.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

   PLAINTIFF-APPELLEE,                    CASE NO. 1-10-38

  v.

WILLIE RIGGANS,                     **O P I N I O N**

   DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2007 0254

**Judgment Affirmed**

**Date of Decision: September 27, 2010**

APPEARANCES:

    *Willie Riggans*, **Appellant**

    *Jana E. Emerick*, **for Appellee**

**SHAW, J.**

**{¶1}** Appellant-Defendant Willie J. Riggans ("Riggans") appeals the April 30, 2010 judgment of the Allen County Court of Common Pleas overruling his post-sentence motion to withdraw his guilty plea.

**{¶2}** On September 13, 2007, the Allen County grand jury returned a three count indictment charging Riggans with the following offenses. Count One: aggravated trafficking in drugs where the transaction took place in the vicinity of a school in violation of R.C. 2925.03(A)(1), (C)(1)(c), a felony of the second degree; Count Two: aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), a felony of the third degree; and Count Three: permitting drug abuse in violation of R.C. 2925.13(A), (C)(3), a felony of the fifth degree. On September 21, 2007, Riggans entered a written plea of not guilty to all three charges.

**{¶3}** On November 7, 2007, Riggans entered a negotiated plea of guilty to amended charges on Counts One and Two and to Count Three as charged in the original indictment. Counts One and Two were both amended to charges of attempted aggravated trafficking in drugs, in violation of R.C. 2923.02(B) and R.C. 2925.03(A)(1), (C)(1)(c), both felonies of the fourth degree.

**{¶4}** On December 19, 2007, the trial court sentenced Riggans to serve one year in prison on each of the three counts to be served consecutively, for a

total of three years. The court also advised Riggans that he was subject to a period of up to three years of post-release control.

{¶5} On April 30, 2010, Riggans filed a "Motion to Withdraw Guilty Plea Due to Manifest Injustice" which the trial court subsequently overruled. Riggans then filed the instant appeal asserting the following assignment of error.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA, WHERE THE GUILTY PLEA WAS PREDICATED UPON AN INSUFFICIENT INDICTMENT**

{¶6} In his sole assignment of error, Riggans contends that the trial court erred in overruling his motion to withdraw his guilty plea. An appellate court will not disturb a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, 651 N.E.2d 1044, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶7} Criminal Rule 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Therefore, a motion to

-3-

withdraw a plea filed after a defendant is sentenced will be granted only to correct a manifest injustice with the burden of establishing the existence of a manifest injustice being placed upon the individual seeking vacation of the plea. Crim.R. 32.1; *State v. Smith* (1997), 49 Ohio St.2d 261, 361 N.E.2d 1324. A manifest injustice is an exceptional defect in the plea proceedings, *State v. Vogelsong*, 3rd Dist. No. 5-06-60, 2007-Ohio-4935, ¶ 12, or a " 'clear or openly unjust act.' " *State v. Walling*, 3rd Dist. No. 17-04-12, 2005-Ohio-428, ¶ 6, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83, 1998-Ohio-271. "Accordingly, a post-sentence motion to withdraw a guilty plea is only granted in 'extraordinary cases.' " *State v. Driskill*, 3rd Dist. Nos. 10-08-10, 10-08-11, 2009-Ohio-2100, ¶ 32, quoting *Smith*, supra.

{¶8} The Supreme Court of Ohio has recently stated that "[t]he purpose of a grand jury indictment has always been to give notice to the accused: '[A] criminal offense must be charged with reasonable certainty in the indictment so as to apprise the defendant of that which he may expect to meet and be required to answer; so that the court and jury may know what they are to try, and the court may determine without unreasonable difficulty what evidence is admissible.' " *State v. Horner*¸ --Ohio St.3d--, 2010-Ohio-3830, ¶ 10, quoting *Horton v. State* (1911), 85 Ohio St. 13, 19, 96 N.E. 797. Criminal Rule 7(B) further articulates the structure of an indictment and provides that the information contained therein:

**may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.**

Moreover, the Supreme Court of Ohio has recently held that an indictment that tracks the language of the criminal statute describing the offense provides the defendant with adequate notice of the charges against him and is not defective. *Horner*, --Ohio St.3d--, 2010-Ohio-3830, ¶ 45 citing *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162.

{¶9} In the present case, Riggans maintains that he should be permitted to withdraw his guilty plea because the indictment was not sufficient to charge an offense. As the basis for his contention, Riggans argues that the indictment was flawed because Counts One and Two alleged that he had trafficked in "Ecstasy," which Riggans asserts is not listed as a drug on the Schedule of Controlled Substances in R.C. 3719.41.[1] With regard to Counts One and Two, the indictment specifically stated the following as to each count:

**COUNT ONE:**

**WILLIE J. RIGGANS * * * did knowingly sell or offer to sell a Schedule I or II controlled substance, to wit: Ecstasy; in an amount that equals or exceeds the bulk amount but does not exceed five times the bulk amount; said transaction took place in**

---

[1] As previously mentioned, we note that Riggans entered a negotiated plea of guilty to amended charges of attempted aggravated trafficking in drugs in violation of R.C. 2923.02 and R.C. 2925.03(A)(1), (C)(1)(c). On appeal, Riggans only takes issue with the term Ecstasy being included in the indictment.

**the vicinity of a school; in violation of the Ohio Revised Code Section 2925.03(A)(1), (C)(1)(c), a felony of the 2nd degree\* \* \*.**

**COUNT TWO:**

**WILLIE J. RIGGANS \* \* \* did knowingly sell or offer to sell a Schedule I or II controlled substance, to wit: Ecstasy; in an amount that equals or exceeds the bulk amount but does not exceed five times the bulk amount; in violation of the Ohio Revised Code Section 2925.03(A)(1), (C)(1)(c), a felony of the 3rd degree\* \* \*.**

**{¶10}** As stated above, the indictment identifies the statute section numbers, R.C. 2925.03(A)(1), (C)(1)(c). These sections describe the offenses with which Riggans was charged in the following manner:

**(A)    No person shall _knowingly_ do any of the following:**
**(1)    _Sell or offer to sell a controlled substance_;**
**\* \* \***
**{¶1}    Whoever violates division (A) of this section is guilty of one of the following:**

**(1)    If the drug involved in the violation is any compound, mixture, preparation, _or substance included in schedule I or schedule II_, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. The penalty for the offense shall be determined as follows:**

**(c) Except as otherwise provided in this division, if _the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount, aggravated trafficking in drugs is a felony of the third degree,_ and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree. _If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, aggravated trafficking in drugs is a felony of the second degree,_ and the court shall impose**

**as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.**

R.C. 2925.03(A)(1), (C)(1)(c).  (Emphasis Added.)

{¶11} After reviewing the indictment in the context of the statute, it is evident that the indictment tracks the language of the criminal statute describing the offenses and provides Riggans with adequate notice of the charges against him.  The indictment adequately informs Riggans that he is being charged with trafficking in a controlled substance included in Schedule I or II as stated in the statute.  Moreover, the inclusion of the term "Ecstasy" in the indictment is merely superfluous and only serves to provide Riggans with more specific information than set forth in the statute to describe the charges against him.[2]

{¶12} Because the indictment as stated was sufficient to provide Riggans with adequate notice of the charges against him, we do not find that a manifest injustice has been placed on Riggins because the term "Ecstasy" was included in the indictment.  Accordingly, we cannot conclude that the trial court abused its discretion in overruling Riggan's post-sentence motion to withdraw his guilty plea.

{¶13} Notwithstanding the discussion above, we further note that Riggans waived any deficiency in the indictment by failing to object to the indictment and

---

[2] Ecstasy is the "street name" for methylenedioxymethamphetamine, also known as "MDMA," and is classified as a "Schedule I" controlled substance.  See *State v. Stewart*, 3rd Dist. No. 13-08-18, 2009-Ohio-3411, n.3; see, also R.C. 3719.41.

by pleading guilty to the offense. See *State v. Barton*, 108 Ohio St.3d 402, 413, 2006-Ohio-1324, ¶ 12, 844 N.E.2d 304. Criminal Rule 12(C)(2) mandates that "[d]efenses and objections based on defects in the indictment" must generally be raised "[p]rior to" trial, and "failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved." *Barton*, supra, citing *State v. Joseph* (1995), 73 Ohio St.3d 450, 455, 653 N.E.2d 285. See also *Horner*, -- Ohio St.3d--, 2010-Ohio-3830, ¶ 46 (reiterating that the failure to timely object to a defect in the indictment constitutes a waiver of the error).

**{¶14}** Based on all these reasons, the judgment of the Allen County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J., and PRESTON, J., concur**

**/jnc**