[Cite as *State v. Behre*, 2018-Ohio-144.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 17 CAC 07 0052 |
| DAVID BEHRE | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Municipal Court ,
                                                        Case No.  11 CRB 01408


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT ENTRY:          January 12, 2018


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

ELIZABETH A. MATUNE                      DAVID H. BIRCH
ASSISTANT PROSECUTOR                286 South Liberty Street
70 North Union Street                         Powell, Ohio  43065
Delaware, Ohio  43015

*Wise, J.*

**{¶1}**    Defendant-Appellant David Behre appeals the May 11, 2017, Judgment Entry of the Delaware Municipal Court denying his motion to withdraw his plea of no contest to domestic violence.

**{¶2}**    Plaintiff-Appellee is the State of Ohio.

**{¶3}**    Preliminarily, we note this case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

**{¶4}**    One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

**{¶5}**    This appeal shall be considered in accordance with the aforementioned rules.

STATEMENT OF THE CASE

**{¶6}**    On November 5, 2007, Appellant David Behre had an initial appearance for charges of domestic violence and assault against his then wife in Delaware Municipal Court Case Number 07CRB02777. Proceeding without counsel, Appellant entered a no contest plea, was found guilty, and was sentenced.

**{¶7}** On July 5, 2011, Appellant was again charged with domestic violence and assault against his wife. Despite having a domestic violence conviction on his record, he was not charged with felony domestic violence, but instead faced only misdemeanor charges in Delaware Municipal Court Case Number 11CRB01408.

**{¶8}** On July 27, 2011, Appellant appeared before the court with retained counsel. After a plea colloquy with the trial court, Appellant waived his rights, entered a no contest plea, and was again found guilty of domestic violence.

**{¶9}** As the trial court noted, "it was made clear during the plea colloquy that if defendant entered a no contest plea in this case, the Delaware County Prosecutor's Office agreed not to present the matter to the Delaware County Grand Jury for a felony domestic violence" using the prior conviction as an enhancing offense.

**{¶10}** Following this discussion, appellant was again found guilty of domestic violence and sentenced to two years of probation.

**{¶11}** Approximately three years later, Appellant filed a motion to seal his conviction in 11CRB01408. He was represented by the same counsel he retained during the trial phase of the case. The motion to seal was denied.

**{¶12}** On October 27, 2016, Appellant filed a motion to withdraw his guilty pleas in both Case Numbers 07CRB02777 and 11CRB01408. As to the latter case, Appellant claimed ineffective assistance of counsel as the basis for his motion.

**{¶13}** The trial court conducted a hearing on the motions. After reviewing both original plea hearings and considering the evidence and arguments presented in support of the motions, the trial court granted the motion as to 07CRB02777 and denied the motion as to 11CRB01408.

**{¶14}** Appellant now appeals the denial of his motion to withdraw his no contest plea in Case No. 11CRB01408, assigning the following error for review:

ASSIGNMENT OF ERROR

**{¶15}** "I. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO SET ASIDE HIS PLEA."

**I.**

**{¶16}** In his sole Assignment of Error, Appellant argues that the trial court erred in denying his motion to withdraw his no contest plea. We disagree.

**{¶17}** Upon review, Crim. R. 32.1 governs the withdrawal of a guilty plea, stating:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶18}** The defendant bears the burden of proving "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). Whether the defendant has sustained that burden is within the sound discretion of the trial court and we review the trial court's decision for an abuse of discretion.

**{¶19}** Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Williams*, 5th Dist. Tuscarawas No. 2013 AP 04 0020, 2014–Ohio–5727. A manifest injustice has been defined as a "clear or openly unjust act." *State v. Congrove*, 5th Dist. Delaware No. 09CA090080, 2010–Ohio–2933, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 699 N.E.2d 2983 (1998). "A manifest injustice comprehends a fundamental flaw in the path of justice so

extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. Williams*, 5th Dist. Tuscarawas No. 2013 AP 04 0020, 2014–Ohio–5727.

**{¶20}** In the instant case, Appellant argues that his trial counsel was ineffective and that such resulted in manifest injustice.

**{¶21}** To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel was ineffective, i.e. whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.*

**{¶22}** Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test, whether the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. *Id.* This requires a showing that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.*

**{¶23}** At the hearing, the only evidence presented was Appellant's own testimony. Appellant argued that his trial counsel was ineffective because 1) his retained counsel sent an associate to appear at the plea hearing, and 2) the attorney advised him he was facing five (5) years in prison if he did not enter a plea to the domestic charge.

**{¶24}** Appellant has not argued or proven to this Court how the mere substitution of counsel resulted in ineffective assistance of counsel, how his performance was deficient, or how he was prejudiced by same.

**{¶25}** As stated by the Court in *State v. Shifflett*, 2nd Dist. Montgomery No. 13791, 1993 WL 37223, while it is possible that such a substitution may give appellant a breach of contract action against his retained counsel, it obviously does not *per se* constitute a claim of ineffective assistance of counsel. The crucial questions remain whether his counsel breached any essential duty owed to appellant and whether appellant was prejudiced thereby. *State v. Lytle* (1976), 48 Ohio St.2d 391, 396-397.

**{¶26}** Here, the trial court considered the fact that after this plea hearing, Appellant hired Atty. Heald to represent him in a divorce action and then again in 2015 and 2016 when trying to expunge his domestic violence convictions. (T. at 41, 42, 44). The court stated "[i]t strains common sense that defendant would re-hire an attorney in 2014, 2015, and 2016 that he found so deficient in 2011." (May 11, 2017, Judgment Entry at 8).

**{¶27}** Upon review of the DVD of the plea hearing, the trial court found that Appellant was represented by counsel at the plea hearing, that Appellant could be seen calmly engaging in conversation with his counsel, and that he was advised by the trial court as to the effect of his plea. (*Id.* at 7). He further found that the trial court advised Appellant of his rights, that Appellant indicated that he understood his rights and wished to enter a plea, that Appellant stated that he did not have any questions, and that he did not appear confused or bewildered during the proceedings. (*Id.* at 7).

**{¶28}** Further, the trial court found that Appellant understood that the State agreed to not present Appellant's case to the grand jury to pursue felony domestic violence

charges, based on Appellant's prior conviction, in exchange for his plea of no contest. (Id at 2, 8).

**{¶29}**  The trial court found Appellant's testimony to be "less than credible". (May 11, 2017, Judgment Entry at 7).  The trial court stated that it found Appellant's demeanor to be "contumacious and discursive" and further found that Appellant displayed "a noted lack of frankness." *Id.* at 7-8).

**{¶30}** On a motion to withdraw guilty plea, the good faith, credibility, and weight of the movant's assertions are matters to be resolved by the trial court. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

**{¶31}** Appellant failed to demonstrate that his trial counsel's performance or representation was deficient or that he was prejudiced thereby.

**{¶32}**  Upon review, we find the trial court did not abuse its discretion in finding no manifest injustice and in overruling Appellant's motion to withdraw plea.

**{¶33}**  Appellant's sole Assignment of Error is overruled.

**{¶34}**  For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.


By: Wise, J.

Delaney, P. J., and

Baldwin, J., concur.


JWW/d 0103