[Cite as *State v. Simmons*, 2021-Ohio-1656.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                       No. 109786

    v.                             :

TERRANCE SIMMONS,                       :

    Defendant-Appellant.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 13, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-613120-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Gary H. Levine, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Terrance Simmons appeals the trial court's "summary denial" of his postconviction motion for leave to withdraw his guilty pleas pursuant to Crim.R. 32.1. Simmons contends that he was denied the effective

assistance of trial counsel and that his motion and supporting affidavit were sufficiently detailed to warrant an evidentiary hearing on the motion.

{¶ 2} For the reasons that follow, we affirm the trial court.

**Procedural History and Factual Background**

{¶ 3} On February 2, 2017, a Cuyahoga County Grand Jury indicted Simmons on 25 counts, including counts of rape, kidnapping, telecommunications harassment, burglary, criminal damaging, menacing by stalking, domestic violence, robbery and disrupting public services. These charges arose out of multiple incidents of alleged sexual assault and domestic violence involving two women with whom Simmons had previously had relationships, A.M. and T.J.

{¶ 4} In March 2018, Simmons pled guilty to 17 counts as follows:

- amended Count 1: attempted rape of A.M. in Simmons' bedroom in July 2016, a second-degree felony;

- amended Count 3: sexual battery of A.M. in Simmons' bedroom in September 2016, a third-degree felony;

- Count 5: telecommunications harassment of A.M. on or about October 1, 2016, a first-degree misdemeanor;

- amended Count 6: attempted rape of A.M. in the Cleveland Metroparks on or about October 29, 2016, a second-degree felony;

- amended Count 7: attempted kidnapping of A.M. in connection with an incident in the Cleveland Metroparks on or about October 29, 2016, a second-degree felony;

- amended Count 10: burglary (when trying to reach or grab A.M. through a broken window at her grandparents' house) on or about November 30, 2016, a third-degree felony;

- Count 11: criminal damaging or endangering (involving property damage to a bay window when a brick was thrown at the home of A.M.'s grandparents) on or about December 1, 2016, a second-degree misdemeanor;

- Count 12: menacing by stalking of A.M. from on or about July 20, 2016 through on or about December 1, 2016, a first-degree misdemeanor;

- Count 13: domestic violence against T.J. on a bus on or about May 21, 2015, a first-degree misdemeanor;

- amended Count 14: robbery of T.J. on a bus on or about May 21, 2015, a third-degree misdemeanor;

- amended Count 15: abduction of T.J. outside a Boys and Girls Club on or about July 15, 2015, a third-degree felony;

- Count 17: domestic violence against T.J. at a rapid station on or about August 26, 2015, a first-degree misdemeanor;

- amended Count 20: abduction of T.J. after they were at the movies on or about June 15, 2016, a third-degree felony;

- Count 21: domestic violence against T.J. after they were at the movies on or about June 15, 2016, a first-degree misdemeanor;

- Count 23: telecommunications harassment of T.J. on or about November 3, 2016, a first-degree misdemeanor;

- Count 24: violating a protection order obtained by T.J. on or about November 3, 2016, a first-degree misdemeanor; and

- Count 25: menacing by stalking of T.J. from on or about May 21, 2015 through on or about November 3, 2016.

In exchange for Simmons' guilty pleas, the remaining counts were nolled.

**{¶ 5}** The trial court sentenced Simmons to an aggregate prison sentence of 11 years, six months.[1] The trial court also imposed five years' mandatory postrelease control, designated Simmons a tier III sex offender and ordered that Simmons pay restitution to two victims.

**{¶ 6}** At the sentencing hearing, Simmons stated: "I take full responsibility for my actions. And I'm very remorseful for the situations that led up to being in here[.]" He apologized to A.M. and T.J. "for everything that I put you two through" and stated he "agree[d]" with the trial judge, when the trial judge stated that it was not "okay to treat these women the way that you did."

**{¶ 7}** Simmons appealed his convictions. Among his assignments of error, Simmons claimed that the trial court did not comply with Crim.R. 11 and that his guilty pleas were not knowing, intelligent and voluntary because he had entered his pleas without full knowledge of the potential penalties and consequences of his guilty pleas. Specifically, Simmons claimed that his guilty pleas were deficient because: (1) the prosecutor had suggested, during plea negotiations, that two of the counts to which Simmons pled guilty would merge but subsequently argued against merger of those counts at the sentencing hearing and (2) he entered his guilty pleas with the understanding that he would pay one victim (A.M.'s grandfather) $681 in

---

[1] The trial court imposed a three-year sentence on each of Counts 1, 6 and 7, with the sentences on Counts 6 and 7 to be served concurrently; a one-year sentence on Count 3; an 18-month sentence on Counts 10, 14, 15 and 20, with the sentences on Counts 10 and 14 to be served concurrently, and a 90-day jail sentence on each of Counts 5, 11, 12, 13, 17, 21, 23, 24 and 25, all of which were to be served concurrently. The trial court ordered that the sentences on Counts 1, 3, 6, 14, 15 and 20 be served consecutively to each other and that the sentences on all remaining counts be served concurrently.

restitution (for the property damage to his window) but, at sentencing, the trial court also ordered restitution for a second victim.

{¶ 8} On February 7, 2019, this court affirmed Simmons' convictions and sentences, except as to the amount of restitution ordered to A.M. The court remanded the case for the trial court to order restitution in an amount that did not exceed the amount of economic loss suffered by A.M. and for the issuance of a nunc pro tunc order to correct certain typographical errors in the trial court's sentencing journal entry. *State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459, ¶ 23.

{¶ 9} On April 22, 2020 — more than a year later and more than two years after Simmons entered his guilty pleas — Simmons filed a motion for leave to withdraw his guilty pleas pursuant to Crim.R. 32.1. He asserted that he was denied the effective assistance of counsel because his trial counsel: (1) had failed to conduct "any meaningful investigation of relevant background information," (2) had failed to "interview any crucial witnesses" and (3) "did not review any discovery materials" with Simmons, including "statements made by the alleged victim or his own statement to the investigating Cleveland Police Detective." Simmons also asserted that his guilty pleas were "a product of pressure by counsel" and "abject fear of proceeding to trial with woefully unprepared counsel." Simmons requested an evidentiary hearing on his motion.

{¶ 10} In support of his motion, Simmons attached an affidavit he had executed. In his affidavit, Simmons described his relationship with one of the

victims, A.M. He averred that he had known A.M. for several months, that he had "engaged in sexual conduct" with A.M. "on several occasions," including sexual intercourse on October 29, 2016, and that A.M. was "upset" because Simmons "had told her that he didn't want to continue their relationship." He averred that he had provided the details of his relationship with A.M. to his trial counsel. He further averred that his mother had spoken with Simmons and A.M. on the morning of October 29, 2016, that his mother had told A.M. she should "go home" and that his mother, at his request, had sent copies of text messages A.M. had sent to Simmons' cell phone "by fax" to his trial counsel. Simmons averred that the messages "constitute[d] documentary evidence that [t]he alleged rape did not happen" and that they "confirmed that the sexual activity between them was only one among numerous acts of consensual sexual conduct." Simmons did not indicate when these text messages were allegedly sent by A.M. to Simmons and he did not attach copies of the fax or the text messages to his affidavit or set forth the content of the text messages in his affidavit. Simmons averred that his trial counsel did not discuss the text messages with him and that his trial counsel had failed to interview Simmons' mother.

{¶ 11} Simmons also averred that, on the morning of his scheduled trial, he spoke with his trial counsel "in the small lockup room outside of the courtroom" in the presence of two county deputies, that he was told by his trial counsel "with the deputies['] encouragement" that "it is better for you and your family to take the plea"

and that he was then brought into the courtroom where trial counsel advised the court that Simmons would plead guilty to several charges, including attempted rape.

{¶ 12} Simmons claimed that his guilty pleas were "the product of several factors," including that: (1) he had been incarcerated for 16 months; (2) his trial counsel had not acknowledged receipt of the text messages and Simmons did not believe trial counsel had presented the text messages to the prosecutor; (3) his trial counsel did not interview any witnesses, including Simmons' mother; (4) Simmons was not provided a copy of the statement he made to the Cleveland Police; (5) his trial counsel "did not convey beyond a minimal understanding of the significant favorable evidence that was readily available" and (6) his "total lack of confidence in his counsel that was justified by his perception that counsel had not conducted anything approaching a thorough investigation and pressure to enter a plea." Simmons averred that had he had not engaged in "any unlawful activity" with A.M. at any time and that he was "not guilty of any criminal conduct as alleged in CR-17-613120."

{¶ 13} On May 26, 2020, the trial court denied Simmons' motion to withdraw his guilty pleas without a hearing.

{¶ 14} Simmons appealed, raising the following assignment of error for review:

> The trial court erred to the substantial prejudice of Appellant by its failure to conduct [a]n Evidentiary Hearing on the Motion for Leave to Withdraw Guilty Plea.

**Law and Analysis**

{¶ 15} Simmons' sole argument on appeal is that the trial court abused its discretion in denying his motion to withdraw his guilty pleas without holding an evidentiary hearing. Simmons contends that his motion and supporting affidavit were sufficiently detailed to warrant an evidentiary hearing on the motion based on his claims of coercion and ineffective assistance of counsel.

{¶ 16} The withdrawal of a guilty plea is governed by Crim.R. 32.1 which states:

> A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 17} In his appellate brief, Simmons cites several cases involving presentence motions to withdraw guilty pleas in support of his argument that the trial court "committed prejudicial error" in denying his motion without a hearing. Although, as a general matter, a presentence motion to withdraw a guilty plea "should be freely and liberally granted" and requires a hearing "to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea," *see, e.g., State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992); *State v. Mason*, 2020-Ohio-3671, 154 N.E.3d 1256, ¶ 15-16 (8th Dist.), this case involves a postsentence motion to withdraw a guilty plea.

{¶ 18} In a postsentence motion to withdraw a guilty plea, the defendant bears the burden of establishing the existence of "manifest injustice." *State v. Smith*,

49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Manifest injustice is "a clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding,'" *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640 and 104641, 2017-Ohio-1049, ¶ 30, quoting *State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8; *see also State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 41 (8th Dist.); *State v. Stovall*, 8th Dist. Cuyahoga No. 104787, 2017-Ohio-2661, ¶ 17 ("'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'"), quoting *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5.

{¶ 19} A claim of manifest injustice must be supported by specific facts in the record or through affidavits submitted with the motion. *See, e.g., State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 10. Postsentence withdrawal of a guilty plea is permitted "'only in extraordinary cases.'" *McElroy* at ¶ 30, quoting *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 22. We review a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea under an abuse of discretion standard. *See, e.g., Vinson* at ¶ 42, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph two of the syllabus.

{¶ 20} We likewise review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *See,*

*e.g., State v. Grant*, 8th Dist. Cuyahoga No. 107499, 2019-Ohio-796, ¶ 13. A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea. *See, e.g., State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 16; *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11. "'A hearing is required * * * if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea.'" *Norman* at ¶ 16, quoting *Vihtelic* at ¶ 11; *see also State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 11 ("'A defendant must establish a reasonable likelihood that a withdrawal of his plea is necessary to correct a manifest injustice before a court must hold an evidentiary hearing on his motion.'"), quoting *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 14.

{¶ 21} We find no abuse of discretion by the trial court in denying Simmons' motion to withdraw his guilty pleas without a hearing because a trial court has no jurisdiction to consider a defendant's motion to withdraw his or her guilty pleas under Crim.R. 32.1 after a court of appeals has affirmed the defendant's convictions. *See State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978). As the Ohio Supreme Court explained in *Special Prosecutors*:

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision

of the reviewing court, which is not within the power of the trial court to do.

*Id.*; *see also State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 61-62 (trial court lacked authority to consider motion to withdraw guilty plea where convictions were affirmed but case was remanded for limited purpose of resentencing on noncapital offenses); *State v. Mitchell*, 8th Dist. Cuyahoga No. 109178, 2020-Ohio-3726, ¶ 7-9; *State v. Jones*, 8th Dist. Cuyahoga No. 108226, 2019-Ohio-4892, ¶ 4-5; *Grant* at ¶ 14.

**{¶ 22}** In this case, Simmons appealed the trial court's judgment, and this court affirmed his convictions. *Simmons*, 2019-Ohio-459, ¶ at 23-24. Thus, after this court affirmed Simmons' convictions, the trial court had no jurisdiction to consider his subsequent motion to withdraw his guilty pleas. Accordingly, the trial court did not abuse its discretion in denying Simmons' motion to withdraw his guilty pleas. Simmons' assignment of error is overruled.

**{¶ 23}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR