[Cite as *State v. Lewis*, 2022-Ohio-70.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110448 |
| v. | : | |
| JUSTIN P. LEWIS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 13, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-624178-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony T. Miranda, Assistant County
Prosecuting Attorney, *for appellee*.

Friedman, Gilbert, and Gerhardstein and Mary Catherine
Corrigan, *for appellant*.

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Justin P. Lewis ("Lewis") appeals the trial court's denial of his postsentence motion to withdraw his guilty plea. Lewis asks this

court to either order his plea be withdrawn or remand to the trial court for a hearing. We affirm the trial court's decision to deny Lewis's motion.

{¶ 2} Lewis was indicted in Cuyahoga C.P. Nos. CR-17-624178 and CR-18-626972-B on several offenses. Lewis pleaded guilty to two counts of trafficking, a second-degree felony, in violation of R.C. 2925.03(A)(2), with one-year firearm specifications; one count of drug possession, a fifth-degree felony, in violation of R.C. 2925.11(A); one count of possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24(A); two counts of having weapons while under disability, third-degree felonies, in violation of R.C. 2923.13(A)(2) and 2923.13(A)(3); and one count of endangering children, a first-degree misdemeanor, in violation of R.C. 2919.22(A). The trial court sentenced Lewis to 12 years in prison.

## I.     Facts and Procedural History

{¶ 3} Lewis filed an appeal in *State v. Lewis*, 8th Dist. Cuyahoga No. 107552, 2019-Ohio-1994 ("*Lewis I*"), and argued that "[t]he trial court erred when it did not determine that the defendant understood he was waiving certain constitutionally guaranteed trial rights by pleading guilty * * *." *Id.* at ¶ 4. The court held that "the trial court substantially complied with its obligations under Crim.R. 11(C)(2)(a) regarding Lewis's nonconstitutional rights and it ensured that Lewis understood the effect of his plea pursuant to Crim.R. 11(C)(2)(b)." *Id.* at ¶ 14. Lewis filed an application for the court to reopen his appeal in *State v. Lewis*, 8th Dist. Cuyahoga No. 107552, 2019-Ohio-4974 ("*Lewis II*"), arguing two assignments of error:   1) that he was denied due process of law when the court failed to inform

him that he was waiving certain rights by entering a plea of guilty; and 2) that he was prejudiced by ineffective assistance of appellate counsel. More specifically under assignment of error one, Lewis argued that his guilty plea was not made knowingly, voluntarily, and intelligently.

{¶ 4} In response to Lewis's argument regarding the trial court's failure to inform him that he was waiving certain rights by entering a plea of guilty, the court in *Lewis II* held that

> "[r]es judicata prevents this court from once again determining whether Lewis was prejudiced through his plea of guilty. *State v. Tate*, 8th Dist. Cuyahoga No. 81682, 2004-Ohio-973." *Id.* at ¶ 9. Additionally, the court held "that circumstances do not render the application of the doctrine of res judicata unjust. Lewis has failed to establish any prejudice * * *."

*Id.*

{¶ 5} Specifically, under the second assignment of error in *Lewis II*, Lewis argued that his appellate counsel failed to argue during his appeal that his trial counsel was ineffective by failing to argue that law enforcement enhanced the offense by improperly accumulating the amount of drugs confiscated. *Id.* at ¶ 11. The court in *Lewis II* determined that "Lewis has failed to establish with any specificity how he was prejudiced by the conduct of trial court counsel." *Id.* at ¶ 12. Further the court stated, "The mere recitation of a proposed assignment of error, without demonstration of the error and resulting prejudice, does not establish a proposed assignment of error in support of the App.R. 26(B) application for reopening." *Id.*

{¶ 6} On March 5, 2021, Lewis filed a motion to withdraw his guilty plea in the trial court, arguing that he was subjected to ineffective assistance of counsel because his trial attorney failed to request the drugs be independently analyzed. On March 24, 2021, the trial court denied Lewis's motion without a hearing. Lewis filed this appeal assigning one error for our review:

> The trial court abused its discretion in denying appellant's postsentence motion to withdraw plea without holding a hearing.

## II. Motion to Withdraw a Guilty Plea

### A. Standard of Review

{¶ 7} "We review a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea under an abuse of discretion standard." *State v. Simmons*, 8th Dist. Cuyahoga No. 109786, 2021-Ohio-1656, ¶ 19. "We likewise review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion." *Id.* at ¶ 20.

{¶ 8} "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B. Law and Analysis

{¶ 9} A motion to withdraw a guilty plea is governed by Crim.R. 32.1. Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after

sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "The defendant bears the burden of establishing the existence of 'manifest injustice.'" *State v. Hobbs*, 8th Dist. Cuyahoga No. 109706, 2021-Ohio-852, ¶ 6, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

{¶ 10} Lewis filed a motion to withdraw his guilty plea more than two years after he pleaded guilty and was sentenced. The trial court denied his motion, and Lewis argues that the trial court erred by denying his motion to withdraw his guilty plea without holding a hearing. "A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea" *Simmons*, 8th Dist. Cuyahoga No. 109786, 2021-Ohio-1656, at ¶ 20, unless the defendant establishes that a manifest injustice as occurred. "In a postsentence motion to withdraw a guilty plea, the defendant bears the burden of establishing the existence of 'manifest injustice.'" *Id.* at ¶ 18, quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "Manifest injustice is 'a clear or openly unjust act,'" "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding.'" *Id.*, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998); *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049, ¶ 30.

{¶ 11} However, "a trial court has no jurisdiction to consider a defendant's motion to withdraw his or her guilty pleas under Crim.R. 32.1 after a court of appeals

has affirmed the defendant's convictions." *Simmons* at ¶ 21. The court in *Lewis I* affirmed Lewis's convictions. *Lewis I* at ¶ 1.

{¶ 12} The Ohio Supreme Court explained in *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978).

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Simmons* at ¶ 21.

{¶ 13} Thus, after this court affirmed Lewis's convictions in *Lewis I*, Crim.R. 32.1 did not vest jurisdiction in the trial court to maintain and determine Lewis's subsequent motion to withdraw his guilty pleas. *Id*. at ¶ 22. Therefore, the trial court did not abuse its discretion when it denied Lewis's motion to withdraw his guilty plea without a hearing.

{¶ 14} Lewis's assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR