[Cite as *State v. Read-Bates*, 2022-Ohio-2684.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                                      :

TREVON READ-BATES,                :

    Defendant-Appellant.      :

No. 111136

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 4, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-633822-D and CR-19-636650-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Trevon Read-Bates ("appellant") appeals the judgment of the Cuyahoga County Court of Common Pleas denying his second motion to withdraw his guilty plea. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

# I. Factual and Procedural History

{¶ 2} The underlying facts in this matter were set forth by this court in *State v. Read-Bates*, 8th Dist. Cuyahoga Nos. 108848, 108849, 108850, and 108851, 2020-Ohio-3456 ("*Read-Bates I*") as follows:

In the span of seven months, Read-Bates was indicted in four separate cases. On July 25, 2018, in Cuyahoga C.P. No. CR-18-630595-A, Read-Bates was charged with escape in violation of R.C. 2921.34(A)(3).

On November 9, 2018, in Cuyahoga C.P. No. CR-18-633822-D, he was charged with attempted murder in violation of R.C. 2923.02/2903.02(A), three counts of felonious assault in violation of R.C. 2903.11(A)(2), discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), and tampering with evidence in violation of R.C. 2921.12(A)(1). With the exception of the tampering charge, each count contained one- and three-year firearm specifications. The indictment also contained a forfeiture specification.

On December 11, 2018, in Cuyahoga C.P. No. CR-18-635189-A, he was charged with trafficking in violation of R.C. 2925.03(A)(2) and two counts of drug possession in violation of R.C. 2925.11(A).

On February 12, 2019, in Cuyahoga C.P. No. CR-19-636650-A, he was charged with three counts of improperly discharging into a habitation in violation of R.C.-2923.161(A)(1), three counts of felonious assault in violation of R.C. 2903.11(A)(2), domestic violence in violation of R.C. 2919.25(A), discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), endangering children in violation of R.C. 2919.22(A), telecommunications harassment in violation of R.C. 2917.21(A)(3), and having weapons while under disability in violation of R.C. 2923.13(A)(2). Several of the charges included one and three-year firearm specifications as well as the five-year, "drive by shooting," specification.

On April 29, 2019, Read-Bates pleaded guilty to amended indictments. In Case No. CR-18-630595, he pleaded guilty to one count of escape. In CR-18-633822, he pleaded guilty to the following: one count of felonious assault, with a one-year firearm specification and forfeiture specification; discharge of a firearm on or near prohibited premises, with a one-year firearm specification; and tampering with evidence. In

CR-18-635189, he pleaded guilty to attempted trafficking and one count of drug possession. In CR-19-636650, Read-Bates pleaded guilty to the following: one count of improperly discharging into a habitation, with a three-year firearm specification; domestic violence; one count of felonious assault, with a three-year firearm specification; discharge of a firearm on or near prohibited premises, with a three-year firearm specification; endangering children; telecommunications harassment; and having weapons while under disability. The state agreed to nolle the remaining charges and specifications.

On May 14, 2019, Read-Bates filed a motion to withdraw his guilty plea, stating that he now "believes he has legitimate defenses" and wishes to go to trial. In the motion, defense counsel explained that Read-Bates "felt pressured by having inadequate time to recalibrate his defense strategy against the stark backdrop of potential decades in prison." In response, the state provided a recording of Read-Bates's jailhouse phone call in which Read-Bates stated that he filed a motion to withdraw for the purpose of attempting to obtain a better plea deal.

On June 17, 2019, before sentencing, the court addressed Read-Bates's motion to withdraw and his motion to obtain new counsel. The trial court then denied the motion to withdraw and rescheduled sentencing to permit Read-Bates to obtain new counsel. On June 24, 2019, Read-Bates advised the court that he needed more time to obtain counsel. The court once again continued the sentencing.

On June 27, 2019, Read-Bates appeared for sentencing. Prior to imposing sentence, the trial court heard from Read-Bates, defense counsel, and the prosecutor on Read-Bates's request to withdraw the guilty plea and the impending sentence. Thereafter, the court imposed sentence on each case.

In CR-18-630595, the court imposed a prison sentence of 12 months, to be served concurrently with the other cases. In CR-18-633822, the court imposed a prison term of 5 years on Count 2, to be served prior to and consecutive to the one[-]year firearm specification; 30 months on Count 5, served prior to and consecutive to the one-year firearm specification; 30 months on Count 7. The court ordered all sentences in this case to be served concurrently with each other. In CR-18-635189, the court imposed a sentence of 12 months, to be served concurrently with the other cases. In CR-19-636650, the court imposed the following prison sentence: 5 years on Count 1, to be served prior to and consecutive to the three-year firearm specification; 180 days on

Count 3; 5 years on Count 5, to be served prior to and consecutive to the three-year firearm specification; 30 months on Count 8, to be served prior to and consecutive to the three-year firearm specification; 180 days in jail on Counts 9 and 10; 30 months on Count 11. The court ordered the firearm specifications in Count 1 and Count 5 to be served consecutively to each other and all other sentences in this case to be served concurrently with each other.

The court then ordered the sentences in CR-18-633822 and CR-19-636650 to be served consecutively to each other, and it made consecutive sentence findings. Thus, the trial court imposed an aggregate prison sentence of 17 years.

*Id.* at ¶ 2-12.

{¶ 3} In his direct appeal, appellant assigned two errors for review: (1) he was denied due process of law when the court did not conduct an actual hearing on his motion to withdraw his plea; and (2) he was denied due process of law when his consecutive sentence was based on judicial factfinding. The court found no merit to either assigned error and affirmed the judgment of the trial court. *Id.*

{¶ 4} Over a year later, appellant filed a second motion to withdraw guilty plea, arguing that his pleas were not made knowingly, intelligently, and voluntarily because he is actually innocent and was denied the effective assistance of counsel. The trial court denied the motion without hearing. Appellant then filed the instant appeal, raising two assignments of error for our review:

1. The trial court erred by denying the appellant's motion to withdraw plea.

2. The trial court abused its discretion by failing to hold a hearing on the appellant's motion to withdraw plea.

## II. Law and Argument

**{¶ 5}** "We review a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea under an abuse of discretion standard." *State v. Simmons*, 8th Dist. Cuyahoga No. 109786, 2021-Ohio-1656, ¶ 19. "We likewise review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion." *Id.* at ¶ 20.

**{¶ 6}** "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 7}** A motion to withdraw a guilty plea is governed by Crim.R. 32.1. This rule provides: "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "The defendant bears the burden of establishing the existence of 'manifest injustice.'" *State v. Hobbs*, 8th Dist. Cuyahoga No. 109706, 2021-Ohio-852, ¶ 6, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "Manifest injustice is 'a clear or openly unjust act,'" "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding.'" *Simmons* at ¶ 20, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998); *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049, ¶ 30.

{¶ 8} Appellant filed his second motion to withdraw his guilty plea over two years after his plea and sentencing and more than a year after his conviction and sentence were affirmed by this court. However, "a trial court has no jurisdiction to consider a defendant's motion to withdraw his or her guilty pleas under Crim.R. 32.1 after a court of appeals has affirmed the defendant's convictions." *Simmons*, 8th Dist. Cuyahoga No. 109786, 2021-Ohio-1656, at ¶ 21.

{¶ 9} In *State ex rel. Special Prosecutors v. Belmont Cty. Court of Common Pleas Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978), the Supreme Court of Ohio explained:

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

{¶ 10} Accordingly, after this court affirmed appellant's convictions in *Read-Bates I*, Crim.R. 32.1 did not vest jurisdiction in the trial court to maintain and determine his subsequent motion to withdraw his guilty plea. Consequently, the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea without a hearing. Both of appellant's assignments of error are therefore overruled, and the judgment of the trial court is affirmed.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
MARY J. BOYLE, J., CONCUR