[Cite as *State v. Hubbard*, 2025-Ohio-2150.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 114352

    v.                           :

KMEENE HUBBARD,                         :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 18, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-470442-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher and Matthew Moretto, Assistant Prosecuting Attorneys, *for appellee.*

Mary Catherine Corrigan, *for appellant.*


LISA B. FORBES, P.J.:

{¶ 1} Defendant-appellant Kmeene Hubbard ("Hubbard") appeals the judgment of the Cuyahoga County Court of Common Pleas denying, without a hearing, his second postsentence motion to withdraw his guilty plea. For the reasons that follow, we affirm the trial court's denial.

## I. Facts and Procedural History

{¶ 2} On September 15, 2005, Hubbard was indicted on two counts of aggravated murder, one count of murder, and to two counts of aggravated robbery, in connection with the death of two people. Each count carried a three-year firearm specification. At arraignment, Hubbard pleaded not guilty to the charges. The trial court found him to be indigent and appointed counsel.

{¶ 3} Gloves and a knit mask had been obtained from the scene of the crime and were thought to belong to the perpetrator. Accordingly, DNA testing became a central concern in the case. On November 3, 2005, the trial court granted the State's motion for DNA collection in an order stating:

> It is hereby ordered that defendant Kmeene Hubbard, D.O.B. December 16, 1985, submit to the taking of blood, saliva and hair samples, to be taken forthwith by a qualified representative of the medical unit of the Cuyahoga County Jail. The samples shall be taken in the presence of detective Michael Smith #948 and/or Detective James Rhodes #2252 and/or any other detective of the Cleveland Police Department Homicide Unit and in the presence of defendant's counsel, at the Cuyahoga County Jail Medical Unit by employees of the Cuyahoga County Jail/Cuyahoga County Sheriff. The samples shall be forwarded to the Cuyahoga County Coroner.

{¶ 4} After receiving the court order, the detectives immediately proceeded to arrange for DNA collection. The detectives called Hubbard's counsel. Counsel related that he would not be present for the DNA collection and requested the opportunity to speak with Hubbard on the phone. After Hubbard spoke with counsel on the phone, Hubbard allowed the DNA collection to proceed without incident. The DNA collected from Hubbard matched the DNA collected from the

items found at the crime scene.  Hubbard sought an independent review of a second DNA sample.  The results of the independent review confirmed those of the original collection.  No objection was made by Hubbard as to either sample.

{¶ 5} On July 12, 2006, Hubbard pleaded guilty to one count of aggravated murder and one count of murder, in exchange for the dismissal of the remaining charges.  Hubbard was sentenced to a term of life in prison with parole eligibility after 30 years on the aggravated murder to run concurrent with a life term with parole eligibly after 15 years on the murder conviction.  The court merged the firearm specifications for a total sentence of 33 years to life in prison.  Hubbard did not file a direct appeal from his convictions.

{¶ 6} In July 2013, Hubbard filed a pro se motion to withdraw his guilty plea, arguing that the plea was not entered knowingly, intelligently, and voluntarily because of ineffective assistance of counsel.  Specifically, Hubbard argued that his counsel did not adequately investigate his case and encouraged him to take a plea deal.  Hubbard also argued that counsel was ineffective for failing to object to the trial court's imposition of postrelease control on unspecified felonies.  The trial court denied the motion without a hearing.

{¶ 7} On June 26, 2024, Hubbard filed a second motion to withdraw his plea.  This time Hubbard argued that his plea was not knowing, voluntary, and intelligent due to counsel's ineffectiveness in failing to attend the DNA collection in violation of a court order and for failing to move to suppress the DNA sample that

was collected. On August 8, 2024, the trial court denied this motion without holding a hearing.

{¶ 8} Hubbard now appeals that decision, raising the following assignment of error: "The trial court abused its discretion in denying Appellants postsentence motion to withdraw plea without a hearing."

## II. Law and Analysis

{¶ 9} A ruling on a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992); *see also State v. Hines*, 2020-Ohio-663, ¶ 7 (8th Dist.). A trial court abuses its discretion when its decision "'is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). An abuse of discretion "involves more than a difference in opinion." *State v. Weaver*, 2022-Ohio-4371, ¶ 24. "For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason." *Id.*

{¶ 10} Crim.R. 32.1 states that a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A manifest injustice "comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through

another form of application reasonably available to him or her." *State v. Sneed*, 2002-Ohio-6502, ¶ 13 (8th Dist.).

{¶ 11} A trial court is not obligated to hold a hearing on every postsentence motion to withdraw a guilty plea; rather "a hearing is required only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *State v. Vihtelic*, 2017-Ohio-5818, ¶ 11 (8th Dist.). A trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea is reviewed for an abuse of discretion. *State v. Simmons*, 2021-Ohio-1656, ¶ 20 (8th Dist.).

{¶ 12} We find that the trial court did not abuse its discretion in denying Hubbard's second motion to withdraw his guilty plea because res judicata applies. Res judicata bars a defendant from raising, in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea, claims that he raised or could have raised on direct appeal. *State v. Straley*, 2019-Ohio-5206, ¶ 15, citing *State v. Ketterer*, 2010-Ohio-3831, ¶ 59; *see also State v. Nicholson*, 2012-Ohio-1550, ¶ 11 (8th Dist.) ("Nicholson could have raised the issue on direct appeal but did not do so. Accordingly, any argument regarding the validity of his plea is now barred by res judicata."). That Hubbard's counsel was not present during the DNA collection was a fact known to the parties and court at the time Hubbard entered his guilty pleas to aggravated murder and murder. At no point during the Crim.R. 11 plea colloquy did Hubbard raise any concerns about counsel's absence during DNA collection. In fact, when he was asked by the court whether there had been any difficulties with counsel, Hubbard

responded, "no." Furthermore, Hubbard had the opportunity to challenge the validity of his plea due to counsel's failure attend the DNA collection by filing a direct appeal. Hubbard did not exercise this right. Any attempt to now challenge the plea on this basis through a Crim.R. 32.1 motion to withdraw a guilty plea is res judicata.

{¶ 13} Even if res judicata were not to apply, we would still affirm the trial court's denial of Hubbard's motion to withdraw because Hubbard did not suffer a manifest injustice. Hubbard claims that his guilty pleas were not knowing, voluntary, and intelligent because his counsel was ineffective for failing to be present during DNA collection. "Ineffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of a guilty plea where it causes a guilty plea to be less than knowing, intelligent and voluntary." (Cleaned up.) *State v. Norris*, 2019-Ohio-3768, ¶ 28 (8th Dist.). When an allegation underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, i.e., counsel's performance fell below an objective standard of reasonable representation, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the defendant would not have pleaded guilty and would have insisted on going to trial. *Id.* at ¶ 29.

{¶ 14} Assuming, for the sake of argument, that Hubbard's counsel was deficient for failing to attend DNA collection in violation of a court order, Hubbard has failed to show a reasonable probability that but for counsel's deficiency he would not have pleaded guilty and would have instead insisted on going to trial. Hubbard

does not attempt to explain how counsel's absence at DNA collection had any impact on the ultimate results of the DNA testing, which positively matched Hubbard's DNA to DNA collected from items left at the crime scene. It was this positive DNA match that drove the State's case against Hubbard and that ultimately led to the entering of guilty pleas. Thus, without some indication that counsel's performance impacted the results of the DNA tests, we cannot conclude that there is a reasonable probability that Hubbard would have forgone the plea deal offered by the State and insisted on going to trial.

## III. Conclusion

{¶ 15} For the foregoing reasons, we affirm the trial court's denial of Hubbard's Crim.R. 32.1 motion to withdraw his guilty plea. Hubbard's single assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR